IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAVIER JESUS MEDINA BALTAZAR, #55138-198                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:16-cv-109-KS-MTP

ATTORNEY GENERAL LORETTA LYNCH, et al.                      RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner, a federal inmate of the Adams County Correctional Center, Washington, Mississippi, files this pro se Petition pursuant to 28 U.S.C. § 2241. On December 7, 2016, the Court entered an Order [3] directing Petitioner to file a completed application to proceed without prepaying fees or pay the $5.00 filing fee. The Order directed Petitioner to comply with the requirements of the Order on or before December 28, 2016. The Order warned Petitioner that failure to timely comply with an Order of the Court or failure to keep the Court informed of his current address may lead to the dismissal of his Petition.

When Petitioner failed to comply with that Order [3], the Court entered a Show Cause Order [4] on January 11, 2017. The Show Cause Order directed Petitioner to respond on or before February 2, 2017, stating the reason this civil action should not be dismissed for Petitioner's failure to comply with the previous Order of the Court. The Show Cause Order further directed Petitioner to file a completed application to proceed without prepaying fees or pay the filing fee. Even though Petitioner was warned that failure to advise the Court of a change of address or failure to timely comply with the Order may result in the dismissal of his Petition, Petitioner did not comply.

Because Petitioner is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On February 21, 2017, the

Court entered a second Show Cause Order [5] directing Petitioner to respond on or before March 8, 2017, stating why this case should not be dismissed for his failure to comply with the Court's previous Orders.  The Show Cause Order also directed Petitioner to file a completed application to proceed without prepaying fees or pay the $5.00 filing fee.  The Show Cause Order [5] again warned Petitioner that failure to timely comply or failure to keep the Court informed of his current address would lead to the dismissal of his Complaint.  Petitioner has not complied with the Show Cause Order or otherwise contacted the Court about this case.

The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 630-31.

Petitioner did not comply with three Court Orders [3, 4, 5] even after being warned several times that failure to do so would result in the dismissal of his case.  Petitioner has not responded to the Court's Orders or otherwise contacted the Court since he filed this case on November 28, 2016.  Such inaction presents a clear record of delay or contumacious conduct by Petitioner.  It is apparent that Petitioner no longer wishes to pursue this lawsuit.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  The Court concludes that dismissal of this action, for Petitioner's failure to prosecute and failure to comply

with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. *Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).  Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated above, this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the     30th      day of March, 2017.

                                                    s/Keith Starrett
                                                  UNITED STATES DISTRICT JUDGE